```
 1              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF PENNSYLVANIA
 2                  JOHNSTOWN DIVISION

 3

    UNITED STATES OF AMERICA,
 4
              Plaintiff,          Case No:  14-cr-23
 5
          vs.                     Johnstown, Pennsylvania
 6                                October 14, 2014

 7  JOSEPH D. MAURIZIO, JR.,

 8          Defendant.
    _____
 9

10        TRANSCRIPT OF ARRAIGNMENT PROCEEDINGS
              BEFORE KEITH A. PESTO
11           DISTRICT MAGISTRATE JUDGE

12
                A-P-P-E-A-R-A-N-C-E-S
13

14  FOR THE GOVERNMENT:  Stephanie L. Haines, AUSA
                         United States Attorney's Office
15                       Penn Traffic Building, Ste. 200
                         319 Washington Street
16                       Johnstown, PA  15901

17  FOR THE DEFENDANT:   Steven P. Passarello, Esq.
                         Passarello & Sisto
18                       616 Hileman Street
                         Altoona, PA 16601
19
    COURT REPORTER:      Kimberly K. Spangler, RPR
20                       United States District Court
                         Penn Traffic Building, Ste. 204
21                       319 Washington Street
                         Johnstown, PA  15901
22                       (814) 536-9999

23

24

25
```

```
1                      P R O C E E D I N G S
2      (The proceedings convened on October 14, 2014, at 9:30
3      a.m.)
4              THE COURT:  Before we begin, can I see counsel at
5      sidebar.
6              MS. HAINES:  Your Honor, we would request that it
7      be on the record.
8              THE COURT:  Yeah, I'm going to talk with counsel,
9      come on over.  It's off the record.
10              (Off-the-record discussion at sidebar.)
11              (The following proceedings were held in open
12      court:)
13              THE COURT:  Are both counsel ready?
14              MR. PASSARELLO:  Yes, Your Honor.
15              MS. HAINES:  Yes, Your Honor.
16              THE COURT:  Let's go on the record.  It's a
17      little after 9:30 on Tuesday October 14, 2014.  We're in
18      Courtroom A in Johnstown for the arraignment in the
19      United States of America v. Joseph Maurizio, Jr.,
20      Criminal Number 14-23.
21              The government is present represented by Attorney
22      Haines, and the defendant is present represented by
23      Attorney Passarello.
24              Sir, since the time we were here last, a grand
25      jury has returned an indictment against you, and this
```

1    proceeding is an arraignment at which you formally would

2    enter a plea of not guilty.

3            Attorney Passarello, do you want a reading of the

4    indictment or have you received a copy?  Would you like

5    me to summarize it?

6            MR. PASSARELLO:  No, Your Honor.  I've received a

7    copy, read it, and reviewed it with my client, so we

8    would waive reading.

9            THE COURT:  Very well.  All right.  Have you had

10   enough time to go over the provisions of the indictment

11   for purposes of entering a plea?

12           MR. PASSARELLO:  I have, Your Honor.

13           THE COURT:  And you would enter a plea of not

14   guilty?

15           MR. PASSARELLO:  Plead not guilty.

16           THE COURT:  And do you want a trial by judge or

17   by jury?

18           MR. PASSARELLO:  A trial by jury.

19           THE COURT:  Very well.  And I noticed that you

20   have filled out the standard motion for the extension of

21   time to file pretrial motions.

22           MR. PASSARELLO:  That is correct, Your Honor.

23           THE COURT:  And I've gone ahead and granted that.

24           MR. PASSARELLO:  Thank you.

25           THE COURT:  All right.  I'll set it down for

4

1    Judge Gibson's attention.  The date of your trial, sir,

2    is governed by the Speedy Trial Act which requires that

3    you should be tried within about two, three months from

4    today's date.  You can't be rushed into trial unless you

5    wish to waive -- you have at least 30 days to prepare

6    and, actually, your counsel has opted to, under the

7    local rules, ask for additional time to file pretrial

8    motions, which pushes the start date of trial back.

9         At the same time, the case can't linger out

10   forever, and after pretrial motions are decided Judge

11   Gibson will probably have a conference with counsel,

12   maybe even before pretrial motions are decided he'll

13   have a conferences with counsel and set an actual trial

14   date.

15        Now, the other matter that was left open when

16   this matter was still at the complaint stage was the

17   question of risk of flight.  I received -- what I said

18   at the last proceeding was that I was not satisfied with

19   the information that I had concerning possible risk of

20   flight.  Since there was evidence in the record of

21   substantial ability to travel, a simple home detention

22   order would not be satisfactory, and I asked counsel to

23   propose some kind of plan that would ensure that there

24   was no risk of flight.

25        I received some documents, which I really haven't

1    looked at because they weren't accompanied with anything

2    that I wanted, which was a plan.

3           So, Counsel, Attorney Passarello, do you have

4    some kind of plan that you're proposing at this point?

5           MR. PASSARELLO:  I do, Your Honor.  If I may.

6           THE COURT:  Yes.

7           MR. PASSARELLO:  We provided the Court with the

8    financial information that we had at the time that the

9    Court requested it, and we also have Dick Stern here

10   today to testify as to certain other accounts.

11          I would indicate to the Court that my plan would

12   be as follows, my request:  Would be a freezing of the

13   accounts that Father Joe has access to, with of course

14   the caveat that we would be allowed potentially to

15   petition this Court if we needed more funds for his

16   defense.

17          Also, we have filled out the forms and taken the

18   necessary steps for a property bond.  We have got the

19   appraisal for the Court; we have the title search for

20   the Court; we have the deed for the Court.  I have to

21   have Father Joe fill out the one form that the Court

22   needs.

23          My position on the plan is simple.  Obviously,

24   passports's been taken.  Accounts, there are numerous

25   accounts.  I will indicate to the Court there are

1    numerous -- the ones that we have given you are the ones

2    that he has access to still.  The other accounts that we

3    have would be testified to by Mr. Stern that indicates

4    he does not have access to most of those accounts, and

5    that if he signs a letter three of those accounts will

6    remove his access to those.  They are all tied to the

7    church and the church accounts.  My plan would be to

8    freeze them.  My plan would be to take his passport.  My

9    plan would be to use his property as a property bond.

10             THE COURT:  Okay.  When you say "tied to the

11   church" do you mean they're church accounts that he has

12   check-signing abilities --

13             MR. PASSARELLO:  Yes.  He is one of three

14   signatories on those accounts.  They need two.  Dick

15   Stern, I believe on most of them, is the other one.

16             THE COURT:  Can he just be taken off those

17   accounts?

18             MR. PASSARELLO:  Yes.

19             THE COURT:  Oh, okay.

20             MR. PASSARELLO:  If he writes a letter, which we

21   would do right away.  He has already been taken off most

22   of them, with the exception of three.  We can do that

23   right away.  So that would be my position.  That would

24   be my plan.

25             If the Court wants to hear from Dick Stern on the

1   other accounts that are there, he will tell you

2   basically what I have just told you.

3        The two accounts that he has access to that have

4   most of the funds, which is in upward of I believe

5   $900,000, are at Stifel Nicolaus Financial Services in

6   Altoona and then at 1st Summit Bank.  Those are the

7   accounts he still has access to.  Those are the accounts

8   that our plan would be, if the Court was concerned about

9   those financial assets, to freeze.

10        THE COURT:  All right.  Have you discussed this

11   at all with the government?  I believe in my last order

12   I said you should call and the two of you should talk it

13   over, because from the government's point of view -- I

14   am sure you have your own investigative resources, but

15   if the proposal is that he divest himself of any control

16   over any assets that could be used to fund flight, you

17   would want to be -- the government would wish to be

18   satisfied that that, in fact, was the case and there

19   weren't other sources of assets out there.  So have you

20   two talked about what those assets are?

21        MS. HAINES:  No, Your Honor, we have not.

22        THE COURT:  All right.

23        MS. HAINES:  And I would say the position of the

24   government is a couple things:  First of all, I'm not

25   sure what documents you've been provided with.  I have

1    not seen them, and the government would like to see

2    them.  If the Court has been provided them by defense

3    counsel we are entitled to a copy.

4         Also, if I understand what the defense counsel is

5    saying, is that they would be willing to do this.  Well,

6    it sounds to me like it hasn't happened yet.

7         THE COURT:  No.  I think that's what he's saying,

8    that if I found it to be satisfactory they'll sign the

9    paperwork.  If I don't find it satisfactory there's no

10   point to doing the paperwork.

11        What I'm curious from your point of view is do

12   you have any information or suspicion that there might

13   be assets out there?  I mean, I presume --

14        MS. HAINES:  Yes.

15        THE COURT:  -- all counsel act in good faith all

16   the time.  That's one of the things that makes this

17   system work.  But in the normal course of business we

18   don't trust witnesses, defendants to tell us -- you

19   know, you're accusing me of a crime, okay, I'm going to

20   tell you everything that you need to know.  And that

21   just isn't the way the system works.  So I rely on

22   counsel to discuss what investigative paths you might

23   wish to take to satisfy yourself that that is, in fact,

24   the total disclosure.

25        MS. HAINES:  We do not believe that is the total

1    amount of money that is accessible.  In fact, we also

2    have information and evidence that a recent transaction

3    has occurred in excess of $100,000 out of a separate

4    account, that I have not heard about from the defense

5    counsel, by the defendant's power of attorney.  And that

6    about $127,000 was taken out of another account of the

7    defendant's and has now been cashed.

8         And we have no idea where that $127,000-plus is,

9    other than possibly in the hands of the power of

10   attorney.  And this is a brand new account we just

11   learned about through our investigation, which is

12   ongoing as we discover additional accounts out there

13   with the defendant's name on it, and the defendant

14   having single signature authority over it.  So I believe

15   there's more than what has been proffered by the defense

16   and --

17        THE COURT:  Okay.

18        MS. HAINES:  -- would be happy to talk to the

19   defense counsel about that.

20        THE COURT:  All right.  So the short answer to my

21   question have you taken any investigative steps is yes?

22        MS. HAINES:  Yes.

23        THE COURT:  Okay.  So it sounds to me like at

24   this point it would be less than fruitful for me to hear

25   alternative presentations from the two of you.  It

1    sounds to me like the best thing would be for the two of

2    you to sit down and make up a list of what it is that's

3    out there that needs to be frozen.

4          So let's take a short recess.  I'd like to see

5    counsel at sidebar over here for a second to see how

6    long that might take.  This is not on the record.  This

7    is just over here.

8          (Off-the-record discussion at sidebar.)

9          (The following proceedings were held in open

10   court:)

11         THE COURT:  We've just had a discussion off the

12   record at which I was explaining to counsel why my wife,

13   and not I, manage the money in the house.  But as to

14   these financial conditions, I think that instead of

15   having testimony about this account, this account, this

16   account, this account, and then question, question,

17   question, that the better path would be for counsel to

18   confer with your financial expert and with your agents

19   about the nature of any financial accounts, the nature

20   of any controls necessary to divest that as a possible

21   source of assets that would make it possible for the

22   defendant to flee, and whether that might lead to some

23   other investigative problem.

24         So I would like to recess at this time, have

25   counsel confer about the existence of accounts.  And it

1    sounds like both of you are 90 percent on the same page

2    anyway, but the government also wants to do due

3    diligence.  So then within 10 days of the defendant

4    disclosing any assets or the existence of any accounts

5    that might contain assets, if you've checked them out

6    and find that they don't lead to other things that raise

7    red flags, if the two of counsel would let me know and

8    then I can make a final decision.  I don't need to hear

9    testimony from experts that would be much better

10   spending their time talking with counsel, because you

11   guys know the financial end of things and I don't.

12        All right.  Is that satisfactory to both of

13   counsel?  Attorney Passarello?

14        MR. PASSARELLO:  Yes, Your Honor.

15        THE COURT:  Attorney Haines?

16        MS. HAINES:  That's fine, Your Honor.

17        THE COURT:  All right.  Then we will recess this

18   matter with counsel to go confer.

19        One thing that I didn't cover on the record was

20   Rule 16 material.  Attorney Haines, I presume given the

21   nature of the case and the voluminous records, that Rule

22   16 is going to take a long time?

23        MS. HAINES:  And I've talked with the defense

24   counsel about getting together and making that happen.

25        THE COURT:  Okay.  Sir, Rule 16 is a discovery

1    rule that requires the government to turn over

2    documentary evidence and some statements and scientific

3    tests and things that they intend to use in their case

4    against you.  They don't have to give you everything

5    they intend to use, but they do have to give you some

6    evidence, and then your attorney can go dig for other

7    stuff.  That's proceeding normally.

8         Oftentimes, there is three sheets of paper, and

9    that gets turned over at this stage.  This isn't that

10   kind of a case, so that's going to be an ongoing thing.

11   Your counsel's aware of what's going on and he knows how

12   the drill works.

13        All right.  Now, in the meantime, as counsel has

14   explained, it's going to take about 10 days for the

15   government and your counsel to go over these financial

16   records so that they're satisfied that they've presented

17   everything that I need to know and there isn't anything

18   out there that I wouldn't know.  In the meantime you'll

19   be detained.

20        Please remember my advice to you at the initial

21   appearance, which is that anything you say could be used

22   as evidence against you.  The exception to that is

23   statements that you make to counsel or people that your

24   attorney tells you are part of the defense team.

25        All right.  We're in recess.

13

```
1              (Proceedings concluded at 10:20 a.m.)

2                              *  *  *

3

4              CERTIFICATE OF OFFICIAL REPORTER

5

6       I, Kimberly K. Spangler, Federal Official Court

7   Reporter, in and for the United States District Court

8   for the Western District of Pennsylvania, do hereby

9   certify that pursuant to Section 753, Title 28, United

10  States Code, that the foregoing is a true and correct

11  transcript of the stenographically reported proceedings

12  held in the above-entitled matter, and that the

13  transcript page format is in conformance with the

14  regulations of the Judicial Conference of the United

15  States.

16

17                  Dated this ____ day of _____ 2014

18

19           _____
             KIMBERLY K. SPANGLER, RPR
20           FEDERAL OFFICIAL COURT REPORTER

21

22

23

24

25
```