IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 14-23 J |
| | ) | |
| JOSEPH D. MAURIZIO, JR. | ) | |

SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Stephanie L. Haines, Assistant United States Attorney for said district, and submits this Superseding Indictment Memorandum to the Court:

I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned an eight-count Superseding Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Engaging in illicit sexual conduct in foreign places, from on or about February 26, 2009, to on or about March 13, 2009. | 18 U.S.C. § 2423(c) |
| 2 | Possession of material depicting the sexual exploitation of a minor, on or about September 12, 2014. | 18 U.S.C. § 2252(a)(4)(B) |
| 3 | Engaging in illicit sexual conduct in foreign places, from on or about February 26, 2009, to on or about March 13, 2009. | 18 U.S.C. § 2423(c) |

1

| | | |
|---|---|---|
| 4 | Engaging in illicit sexual conduct in foreign places, from on or about March 5, 2004, to on or about March 11, 2007 | 18 U.S.C. § 2423(c) |
| 5 | Engaging in illicit sexual conduct in foreign places, from on or about March 3, 2008, to on or about March 14, 2008 | 18 U.S.C. § 2423(c) |
| 6 | Transporting, transmitting or transferring funds or monetary instruments into or out of the United States with the intent to promote carrying on a specified unlawful activity, from on or about January 23, 2006, and March 14, 2006 | 18 U.S.C. § 1956(a)(2)(A) |
| 7 | Transporting, transmitting or transferring funds or monetary instruments into or out of the United States with the intent to promote carrying on a specified unlawful activity, from on or about January 11, 2007, and March 20, 2007 | 18 U.S.C. § 1956(a)(2)(A) |
| 8 | Transporting, transmitting or transferring funds or monetary instruments into or out of the United States with the intent to promote carrying on a specified unlawful activity, from on or about December 18, 2008, and March 13, 2009. | 18 U.S.C. § 1956(a)(2)(A) |

II. ELEMENTS OF THE OFFENSES

A. As to Counts One, Three, Four and Five: In order for the crime of engaging in illicit sexual conduct in foreign places, in violation of Title 18, United States Code, Section 2423(c), to be

2

established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. The defendant is a United States citizen.

    2. The defendant traveled in foreign commerce.

    3. The defendant engaged in any illicit sexual conduct.

> United States v. Clark, 435 F.3d 1100, 1106 (9th Cir. 2006). See also Martinez v. White, 492 F.Supp.2d 1186, 1187 (N.D.Cal. 2007).

B. As to Count Two: In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That on or about the date set forth in the Superseding Indictment, the defendant knowingly possessed one or more items which contained a visual depiction of a minor(s) engaging in sexually explicit conduct.

> United States v. Heller, 551 F.3d. 1108 (9th Cir. 2009); United States v. Tucker, 305 F.3d 1193 (10th Cir. 2002); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001).

    2. That the visual depiction or the item which contained the visual depiction had been mailed, transported or shipped in interstate or foreign commerce, or had been produced using materials which had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3

> United States v. Chambers, 441 F.3d. 438 (6th Cir. 2006); United States v. Maxwell, 386 F.3d 1042, 1051-52 (11th Cir. 2004); United States v. Galo, 239 F.3d 572 (3d Cir. 2001); United States v. Lacy, 119 F.3d 742, 748-49 (9th Cir. 1997).

    3.    That the production of such visual depictions (images) involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in 18 U.S.C. § 2256, and such visual depiction is of such conduct.

> Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002); United States v. Irving, 452 F.3d 110 (2d Cir. 2006); United States v. Hilton, 386 F.3d 13 (1st Cir. 2004); United States v. Marchand, 308 F. Supp. 2d 498 (D.N.J. 2004).

    4.    That the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor(s) engaging in that conduct.

> U.S. v. X-citement Video, 513 U.S. 64 (1994); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001); United States v. Matthews, 209 F.3d 338 (2d Cir. 2000); United States v. Knox, 32 F.3d 733 (3d Cir. 1994).

    C.    As to Counts Six, Seven and Eight: In order for the crime of transporting, transmitting or transferring funds or monetary instruments into or out of the United States with the intent to promote the carrying on of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

        1.    That on or about the date set forth in the Superseding Indictment, the defendant knowingly transported, transmitted, or transferred, or caused to be transported, transmitted or transferred, a monetary instrument or funds from a place in the United States to or through a place outside of the United States; and,

        2.    That the defendant acted with the intent to promote the carrying on of a specified unlawful activity.

Title 18, United States Code, Section 1956(a)(2)(A).

### III. <u>PENALTIES</u>

A.    As to each of Counts One, Three, Four and Five: Engaging in illicit sexual conduct in foreign places, in violation of Title 18, United States Code, Section 2423(c).

        1.    Imprisonment of not more than thirty (30) years.

        2.    A fine of $250,000, 18 U.S.C. § 3571(b)(3).

        3.    A term of supervised release of at least five (5) years, or life, 18 U.S.C. § 3583(k).

B.    As to Count Two: Possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

        1.    Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not

more than twenty (20) years, or if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years, 18 U.S.C. § 2252(b)(2).

    2. A fine of $250,000, 18 U.S.C. § 3571(b)(3).

    3. A term of supervised release of at least five (5) years, or life, 18 U.S.C. § 3583(k).

C. As to each of Counts Six, Seven and Eight: Transporting, transmitting or transferring funds or monetary instruments into or out of the United States with the intent to promote the carrying on of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

    1. Imprisonment of not more than twenty (20) years.

    2. A fine of not more than the greater of $500,000 or twice the value of the property involved in the transaction.

    3. A term of supervised release of not more than five (5) years.

IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed for each count in the Superseding Indictment for which the defendant is convicted, pursuant to 18 U.S.C. §3013, as the offenses occurred after April 24, 1996.

V. RESTITUTION

Restitution is mandatory pursuant to 18 U.S.C. §2259(a).

VI. FORFEITURE

As set forth in the Superseding Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

STEPHANIE L. HAINES
Assistant U.S. Attorney
WV 9249