UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                    CRIMINAL NO. 14-23J

VERSUS

JOSEPH D. MAURIZIO, JR.

### GOVERNMENT'S MOTION IN LIMINE TO BAR EVIDENCE REGARDING THE SEXUAL HISTORY OF THE VICTIMS AND TO EXCLUDE EVIDENCE OFFERED TO PROVE THE VICTIMS' SEXUAL PREDISPOSITION

The United States of America, through the undersigned, respectfully submits this Motion in Limine to Bar Evidence Regarding the Sexual History of the Victims and to Exclude Evidence Offered to Prove the Victims' Sexual Predisposition. For the reasons explained below, the government respectfully requests that the Court preclude the defense from raising these matters at trial, in any manner, including voir dire, during opening statement, witness examination, the introduction of exhibits, and closing argument.

I.      Introduction

Defendant Joseph D. Maurizio (Maurizio) is charged with four counts of traveling in foreign commerce and engaging in illicit sexual conduct in violation of Title 18, United States Code, Section 2423(c); one count of possessing child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B); and three counts of international money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A).  Beginning in March of 2004 and ending in March of 2009, Maurizio, a United States Citizen, made a series of trips in which

1

he traveled in foreign commerce, from the United States to Honduras, and engaged in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with three victims who were under 18 years of age at the time.  The government now moves in limine for an order precluding defense counsel from seeking to elicit, from any witness, evidence offered to prove that the victims allegedly engaged in other sexual behavior, including any post-offense sexual conduct, or any other evidence designed to show the alleged sexual predisposition of the victims in this case.

**II.    Argument**
   a.  Federal Rules of Evidence – Rule 412

Rule 412 of the Federal Rules of Evidence states that in cases involving allegations of sexual misconduct, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" and "[e]vidence offered to prove any alleged victim's predisposition" is inadmissible. *See* Fed. R. Evid. 412(a). "Sexual behavior" encompasses all "activities that involve actual physical conduct, i.e. sexual intercourse and sexual contact" or that imply sexual intercourse or sexual contact, such as the use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease. *See* Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). The reference to "sexual predisposition" is "designed to exclude evidence that…the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." *Id.*

According to the advisory committee notes accompanying this section:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule

> also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

*See* Fed. R. Evid. 412, Advisory Committee Notes (1994). Federal Rule of Evidence 412 attempts to accomplish these objectives by "barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." *Id.*

Courts have consistently upheld the exclusion of evidence regarding a victim's past sexual history and alleged sexual predisposition. *See Government of Virgin Islands v. Scuito,* 623 F.2d 869, 876 (3rd Cir. 1980)(principal purpose of Rule 412 is to protect victims from degrading and embarrassing disclosure of intimate details about their private lives); *United States v. Japalucci,* 2008 WL 1781138, at *3 (W.D. Pa. Apr. 17, 2008)(precluding the introduction of evidence relating to the victim's past sexual behavior or predisposition with anyone other than the defendant); *United States v. Hitt*, 473 F.3d 146, 156 (5th Cir. 2006)(victim's previous sexual abuse inadmissible pursuant to Rule 412 as it was only marginally relevant but was prejudicial and had potential to confuse the jury); *United States v. Peden*, 961 F.2d 517, 520 (5th Cir. 1992); *United States v. Dogskin*, 265 F.3d 682, 686 (8th Cir. 2001)(testimony that victim was in bed with a man on morning after rape inadmissible under Rule 412); *United States v. Powell*, 226 F.3d 1181, 1197-98 (10th Cir. 2000)(evidence of victim's prior sexually suggestive and flirtatious behavior with other men inadmissible); *United States v. Powers*, 59 F.3d 1460, 1468-69 (4th Cir. 1995)(evidence regarding victim's sexual relations with her boyfriend excluded during trial); *United States v. Saunders*, 943 F.2d 388, 390-92 (4th Cir. 1991)(evidence of victim's sexual relationship with a third party inadmissible); *United States v. Black*, 666 F.2d 43, 47-49 (4th Cir.1981)(evidence of victim's alleged promiscuity barred by Rule 412). Evidence

that a victim is sexually active with another person is neither relevant nor probative; rather, admitting such evidence serves only to embarrass the victim and tarnish her reputation. *See Joseph v. Gov't of Virgin Islands,* 226 F. Supp. 2d 726, 732 (D.V.I. 2002) *aff'd sub nom. Gov't of Virgin Islands v. Joseph,* 67 Fed. App'x 146 (3rd Cir. 2003).

Courts have also denied the introduction of evidence pertaining to a victim's post-offense sexual activity. *See Bennett v. Pippin,* 74 F.3d 578, 590 (5th Cir. 1996)(evidence of victim's post-offense sexual activity inadmissible pursuant to Fed. R. Evid. 412); *United States v. Torres*, 937 F.2d 1469, 1472 (9th Cir. 1991)(evidence of sexual conduct of the victim that both preceded and was subsequent to the charged conduct excluded to protect the victim from a degrading invasion into her private life). A victim's sexual encounters occurring after the charged offense are not probative of the victim's state of mind at the time the criminal conduct occurred, and therefore are inadmissible at trial. *Piper v. Thaler*, No. H-10-0677, 2011 WL 43450, at *8 (S.D. Tex. 2011)(evidence that the victim had consensual sex after the alleged offense is inadmissible at trial).

There are only three exceptions to this rule in criminal cases in which evidence regarding a victim's past sexual behavior may be relevant and could therefore be deemed admissible:

   (a) Evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
   (b) Evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
   (c) Evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b).

In the present case, none of these exceptions are applicable. First, the government does not intend to introduce any evidence of semen or physical injury to any of the victims. *See United States v. White Buffalo*, 84 F.3d 1052, 1054 (8th Cir. 1996)(defendant could not rely on this exception when the government did not introduce any evidence regarding the presence of semen in the victim). Similarly, the second exception has no application to this case because consent is not a valid defense to the criminal conduct charged in the Indictment. *See United States v. Bennett*, 258 Fed.Appx. 671, 682-83 (5th Cir. 2007)(consent of the victim is not a valid defense, and is therefore inadmissible when defendant charged with Mann Act violations); *United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003)(consent is not a defense when sexual assaults are committed upon children); *United States v. Gersh,* No. CRIM. 14-595, 2015 WL 2118924 at *4 (E.D. Pa. May 5, 2015)(*citing United States v. Raplinger*, 555 F.3d 687, 692-93 (8th Cir. 2009)(consent evidence properly excluded in child pornography prosecution). Finally, the exclusion of evidence of the victims' prior sexual history or sexual predisposition does not violate the constitutional rights of the defendant. According to the legislative history of the Rule, this exception "is intended to cover those infrequent circumstances where, because of an unusual chain of circumstances, the general rule of inadmissibility, if followed, would result in denying the defendant a constitutional right." 124 Cong. Rec. H11944 (daily ed. Oct. 10, 1978)(statement of Rep. Pease).

The constitutional right to introduce evidence in one's defense is not unlimited, and must bow to other legitimate interests. *See Michigan v. Lucas*, 500 U.S. 145, 149 (1991)(courts retain wide discretion to "limit reasonably a criminal defendant's right to cross examine a witness 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'"); *United States v.*

5

*Riggi,* 951 F.2d 1368, 1380 (3d Cir. 1991)(defendant's right to an effective cross-examination does not confer a right to cross-examination in "whatever way, and to whatever extent, the defense might wish.")(*citing Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)(per curiam)). The right of an accused sex offender to present their defense must be weighed against the victim's interests. *See State v. Zeringue*, 862 So.2d 186, 195 (5th Cir. 2003). Whether the victims in this case have a sexual history – or even a sexual predisposition – is simply not a defense to the crimes with which the defendant is charged. Barring the defense from questioning the minor victims in this case about their sexual history, including sexual behavior which occurred after the conduct charged in the Indictment, would not violate the defendant's constitutional rights.

  If the Court is inclined to admit any such evidence pursuant to one of these exceptions, "the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard." *See* Fed. R. Evid. 412(c)(2). In addition, any such "... motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise." *Id.* Moreover, the defendant must provide written notice, in the form of a motion, of his intent to use such evidence at least 14 days prior to trial, unless the court, for good cause, sets a different time. *See* Fed. R. Evid. 412(c)(1).

  In the present case, any evidence that bears directly on the victims' prior sexual behavior and activities, including any evidence relating to an alleged sexual predisposition, should be prohibited. Federal Rule of Evidence 412 clearly states that this type of evidence is inadmissible, and the government requests this Court to instruct Maurizio prior to commencement of the trial that he may not introduce such evidence.

      b.   <u>Federal Rules of Evidence – Rule 403</u>

Federal Rule of Evidence 403 states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.* As the above-cited cases make clear, evidence relating to a victim's sexual behavior and activities, or predispositions, has no probative value. However, such evidence is unfairly prejudicial to the government and has the grave potential for confusing the issues and misleading the jury. Therefore, it should be excluded pursuant to Federal Rule of Evidence 403. *See* FRE 403.

Furthermore, such evidence serves no impeachment purpose. The government intends to introduce testimony on direct examination limited to the minor victims' illicit sexual conduct with the defendant. Any inquiry into the details of the minor victims' past sexual behavior, alleged sexual predisposition, or post-offense sexual conduct would only serve as an unwarranted intrusion into their private lives and be designed to embarrass them, create unfair prejudice, and to confuse and mislead the jury. Therefore, any such evidence should be excluded pursuant to Federal Rule of Evidence 403.

**III. Conclusion**

For the foregoing reasons, the government respectfully requests that the court prevent the defendant from offering evidence designed to prove that the minor victims allegedly engaged in other sexual behavior, or to show an alleged sexual predisposition on the part of the victims in

this case. This evidence is inadmissible pursuant to Federal Rule of Evidence 412, and its lack of probative value is clearly outweighed by its potential prejudicial effect

Dated:  June 1, 2015                                   Respectfully submitted,


                                                                 DAMON KING
Acting Chief, Child Exploitation and
Obscenity Section
U.S. Department of Justice, Criminal
Division


s/ Amy E. Larson_____
BY:  AMY ELIZABETH LARSON
Trial Attorney
NY Bar No. 4108221

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                          CRIMINAL NO. 14-23J

VERSUS

JOSEPH D. MAURIZIO, JR.

**O R D E R**

The Government's Motion in Limine to Bar Evidence Regarding the Sexual History of the Victims and to Exclude Evidence Offered to Prove the Victims' Sexual Predisposition is granted. The Defendant is precluded from raising these matters at trial, in any manner, including voir dire, during opening statement, witness examination, the introduction of exhibits, and closing argument.

Signed on _____ , 2015.

_____

United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                      By:    s/ Amy E. Larson_____
                              Amy E. Larson
                              Trial Attorney
                              United States Department of Justice
                              Child Exploitation and Obscenity Section
                              1400 New York Ave, NW
                              Washington, DC 20530