IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 3:14 - 23 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| JOSEPH D. MAURIZIO, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## CONFERENCE MEMO

Conference:   Pretrial Conference
Before Judge:   Kim R. Gibson on August 7, 2015

| Stephanie L. Haines | Steven P. Passarello |
|---|---|
| Appearing for United States | Appearing for Defendant |
| | |
| 9:40 a.m. | 10:10 a.m. |
| Conference Began | Conference Concluded |
| | |
| DLMB | KS |
| Law Clerk | Court Reporter |

    A pretrial conference was held with counsel appearing in person. Counsel entered their appearances. The Court noted that the trial in this matter was currently scheduled for September 8, 2015.

    The Court noted that jury selection would likely last the entire first day, September 8. The Court asked counsel to provide an estimate regarding how long they expected the trial to last. The Government explained that it would present its case, beginning on September 9, and continue on September 10 and 11, through the following week, beginning on September 14. The Government explained that its case in chief might continue into the following week, beginning on September 21. However, the Government noted that Defendant would likely be able to begin his defense on September 21, and possibly as early as the 16th or 17th during the prior week. The Defendant explained that his case would likely take one full week to present, and that if he began presenting his case on September 21, it could conclude by September 25. The Court then noted that the following week would be reserved for any rebuttal by the Government and sur-rebuttal by the Defendant, closing arguments, and final jury instructions, and that the jury may get the case by September 29.

Counsel noted that they intend to work out some stipulations, which could shorten the length of the trial. The Court then discussed matters related to the use of interpreters, noting that the Government would provide its own interpreter for the Government's witnesses, and the Court would arrange to have an interpreter for the Defendant's witnesses. The Court noted that this interpreter would be available beginning on September 17 and would be available throughout the following week, September 21 through 25.

The Court noted that it intends to seat 14 or perhaps 16 jurors. The Court then discussed the voir dire process with counsel and other trial related matters. The Court also noted that a naturalization ceremony was scheduled for September 11, but that the Court would work the trial schedule around that ceremony.

The Court then addressed various pending motions with the parties. Attorney Passarello explained that Defendant's motion at ECF No. 47 had been resolved. The Court noted that it would enter an order denying the motion without prejudice to Defendant reasserting the issues in that motion at a later time, if necessary. The Court also explained that it would docket an order concerning the Government's motion for a protective order later today.

When there were no further issues to discuss, the Court ended the conference.