IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 3:14-23 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| JOSEPH D. MAURIZIO, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court in this matter are a number of pending pretrial motions: (1) Defendant's motion (ECF No. 26) to sever the offenses in the Indictment; (2) Defendant's motion (ECF No. 40) in limine to exclude evidence of uncharged conduct; and (3) the Government's motion (ECF No. 78) in limine pursuant to Rule 412 to exclude evidence of victims' sexual history. The Court will separately address each motion below.

### *Synopsis*

On September 25, 2014, a criminal complaint (ECF No. 1) was filed against Defendant Joseph D. Maurizio, Jr., charging him with engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c), and with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). On October 7, 2014, the grand jury issued a two-count indictment (ECF No. 16), charging Defendant at Count One with engaging in illicit sexual conduct with a minor in foreign places, in violation of 18 U.S.C. § 2423(c), and at Count Two with possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. 2252(a)(4)(B).

On April 7, 2015, the grand jury issued an eight-count superseding Indictment (ECF No. 69), charging Defendant at Count One with engaging in illicit sexual conduct with a minor in foreign places, in violation of 18 U.S.C. § 2423(c), at Count Two with possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. 2252(a)(4)(B), at Counts Three through Five with engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(c), and at Counts Six through Eight with the transporting, transmitting, or transferring of funds or monetary instruments into or out of the United States with the intent to promote carrying on of a specified unlawful activity, in violation of 19 U.S.C. § 1956(a)(2)(A). Trial in this matter is currently scheduled to begin on September 8, 2015. (*See* ECF Nos. 59, 94).

## (1) *Defendant's motion to sever offenses*

On November 4, 2014, Defendant filed a motion (ECF No. 26) to sever the offenses in the Indictment, pursuant to Rule 8(a)[1] and Rule 14(a)[2] of the Federal Rules of Criminal Procedure. Specifically, Defendant argues that the elements of the crimes charged in the Indictment are "incompatibly different in nature and character," that the Government has

---

[1] Fed. R. Crim. P. 8(a) provides,

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

[2] Fed. R. Crim. P. 14(a) provides,

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

not demonstrated that the crimes charged are based on the same act or transaction or arise from a common scheme or plan, and that the alleged crimes were committed five years apart. (*Id.* at 3). On April 6, 2015, the Government filed a response (ECF No. 68) in opposition to the Defendant's motion, arguing that severance of the offenses in this case is not appropriate and that Defendant will not suffer prejudice if the offenses charged in the Indictment are tried in the same trial.

Rule 8(a) permits the joinder of offenses that are "of the same or similar character" in order to "promote economy of judicial and prosecutorial resources." *United States v. Gorecki*, 813 F. 2d 40, 42 (3d Cir. 1987); *United States v. McGill*, 964 F. 2d 222, 241 (3d Cir. 1992). Here, the Court finds that joinder of the offenses in the Indictment would promote judicial economy and conserve prosecutorial resources. The Court also finds that the offenses charged in the Indictment are of the same or similar character such that joinder is proper under Rule 8(a). Furthermore, the Defendant has failed to demonstrate that joinder of the offenses in one trial against the Defendant would prejudice the Defendant. *See, e.g., United States v. Avila*, 610 F. Supp. 2d 391, 397 (M.D. Pa. 2009); *United States v. Albowitz*, 380 F. Supp. 553, 555 (E.D. Pa. 1974) ("Considerations of judicial economy and the failure of [Defendant] to demonstrate any potential prejudice resulting from the joinder of offenses . . . mandate the denial of the defendant's motion for severance."); *United States v. Thomas*, 610 F. 2d 1166, 1168 (3d Cir. 1979).

Accordingly, upon consideration of the Defendant's motion to sever the offenses charged in the Indictment and the Government's response in opposition, and upon

further consideration of the applicable Rules of Criminal Procedure and relevant case law, and the Court having carefully reviewed the Indictment and charged offenses in this case, the Court will **DENY** Defendant's motion for severance.

### (2) *Defendant's motion in limine*

On November 24, 2014, Defendant filed a motion (ECF No. 40) in limine, seeking to preclude the Government from offering any evidence related to uncharged conduct pursuant to Federal Rules of Evidence 414 and 403. On July 8, 2015, the Government filed a response (ECF No. 85) in opposition to Defendant's motion in limine. In its response, the Government explains that, while it will likely introduce evidence of uncharged conduct pursuant to Rule 404(b), disclosure of its intent to introduce such evidence is not yet due.

Accordingly, upon consideration of the Defendant's motion in limine to preclude the Government from introducing evidence of uncharged conduct, and the Government having not yet filed a notice of intent to introduce Rule 414 and Rule 404(b) evidence, and upon further consideration of this Court's pretrial order (ECF No. 59) setting forth deadlines for disclosure obligations, the Court will **DENY** Defendant's motion in limine at this time. However, Defendant is not precluded from filing motions in limine, at an appropriate time, after the relevant disclosures have been made by the Government in this matter.

### *(3) Government's motion in limine*

On June 1, 2015, the Government filed a motion (ECF No. 78) in limine to bar evidence regarding the sexual history of the victims and to exclude evidence offered to prove the victims' sexual predisposition. Specifically, the Government asks that the "court prevent the defendant from offering evidence designed to prove that the minor victims allegedly engaged in other sexual behavior, or to show an alleged sexual predisposition on the part of the victims," pursuant to Federal Rule of Evidence 412. (*Id.* at 7). The Defendant filed a response (ECF No. 79) to the Government's motion on June 5, 2015, explaining that the motion is not yet ripe and should be dismissed because the Defendant has not yet filed his notice of intent to use Rule 412 material. As the Defendant notes, Rule 412 requires that a notice of intent to use Rule 412 material be served on an opposing party 14 days prior to trial.

Accordingly, upon consideration of the Government's motion in limine to preclude the Defendant from introducing Rule 412 material, and the Defendant having not yet filed a notice of intent to introduce Rule 412 material, and upon further consideration of this Court's pretrial order (ECF No. 59) setting forth deadlines for disclosure obligations, the Court will **DENY** the Government's motion in limine at this time. However, the Government is not precluded from filing motions in limine, at an appropriate time, after the relevant disclosures have been made by the Defendant in this matter.

Accordingly, for these reasons, **IT IS HEREBY ORDERED** as follows:

(1) The Defendant's motion (ECF No. 26) to sever the offenses in the Indictment is **DENIED**.

(2) The Defendant's motion in limine (ECF No. 40) is **DENIED** at this time, without prejudice to the Defendant filing any appropriate motion after the Government has provided its disclosures to the Defendant in accordance with this Court's pretrial order (ECF No. 59).

(3) The Government's motion in limine (ECF No. 78) is **DENIED** at this time, without prejudice to the Government filing any appropriate motion after the Defendant has provided his notice of intent to the Government to introduce Rule 412 material.

**IT IS SO ORDERED** this 14th day of August 2015.

BY THE COURT:

*[signature]*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE