## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**                    **CRIMINAL NO. 14-23 J**

**VERSUS**

**JOSEPH D. MAURIZIO, JR.**

### Government's Notice of Intent to Use Evidence Pursuant to F.R.E. 401, 402, 403 and alternatively 414 and 404(b)

The United States of America, through the undersigned, respectfully submits this notice of intent to introduce evidence pursuant to Federal Rules of Evidence 401, 402, 403 and alternatively 414 and/or 404(b).

### Course of the Proceedings

On April 7, 2015, a Grand Jury in the Western District of Pennsylvania returned a Superseding Indictment charging Joseph D. Maurizio ("Maurizio") with four counts of traveling in foreign commerce from the United States to Honduras, and engaging in illicit sexual conduct with Minor 1, Minor 2, and Minor 3, persons under eighteen years of age, in violation of 18 U.S.C. § 2423(c).  The Indictment also charges the defendant with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(b) and three counts of international money

1

laundering in violation of  18 U.S.C. § 1956(a)(2)(A).  This matter is currently scheduled for trial on September 8, 2015.

**Factual Background**

Over the course of ten years, Maurizio, a Catholic priest and self-proclaimed Director of the Humanitarian Interfaith Ministries ("HIM"), repeatedly traveled from the United States to Honduras.  The defendant's asserted legitimate purpose for these trips was to visit and provide financial support to a non-profit organization, located near El Progreso, Honduras, which provided housing and supportive services to orphaned, abandoned, and at-risk children.  Between 1999 and 2009, the defendant made frequent trips to Honduras, using HIM donations to pay for his travel and often transferring funds from the ministries' United States – based bank account to bank accounts in Honduras.  Maurizio would then direct other individuals in Honduras to withdraw these funds and deliver them to him upon his arrival for "mission-related expenses".   As the non-profit organization's largest donor, Maurizio was given unfettered access to the countless, unsuspecting and vulnerable children residing there – a situation which the defendant took advantage of to satisfy his sexual urges and desires.

Staff members at the foundation first became aware of Maurizio's sexual abuse of minor boys in 2009.  Members of the staff spoke with several of the boys,

who were either directly victimized by the defendant, or who witnessed the sexual abuse perpetrated by the defendant against other children residing at centers run by the organization.  After speaking with the victims, and employees working at the centers, one of the organization's board members traveled to Pennsylvania and confronted Maurizio with the allegations of sexual abuse.  In response, the defendant threatened to withdraw his financial support if the board reported the allegations of sexual abuse to the diocese.  When the board reported the allegations, to the diocese and to law enforcement, Maurizio withdrew HIM's funding for the organization, and never traveled to Honduras again.

In February of 2014, the Department of Homeland Security, Homeland Security Investigations ("HSI"), opened an investigation following a tip to the HSI tip line.  In July of 2014, and again in October of 2014, Special Agents traveled to Honduras to locate and interview potential victims and witnesses.  During these trips, a HSI Forensic Interview Specialist interviewed three different individuals, now adults, who were children residing at centers run by the non-profit organization during the time of Maurizio's visits.  Each disclosed instances in which Maurizio offered them money, candy or other things of value, in an effort to engage in various sex acts with them. Furthermore, the victims described how Maurizio often

attempted to, and did, photograph them in various states of undress, and that he would offer them money to masturbate while he took pictures.

In September of 2014, HSI Agents executed a search warrant at Maurizio's residence. Several computers and various items of computer storage media were seized pursuant to the search warrant.  Forensic analysis of the media revealed that the defendant possessed images of child erotica and child pornography, including photos of children fully nude, engaging in sexually explicit conduct.

## Discussion

### Notice of Intent to Introduce Evidence

During the government's case in chief, the government will introduce the testimony of Minor 1, Minor 2 and Minor 3, who will testify regarding instances of illicit sexual conduct that Maurizio engaged and attempted to engage in with them. Additionally, these witnesses will testify regarding acts of illicit sexual conduct they observed Maurizio engage in with other minors residing at the non-profit organization in Honduras.  Similarly, the United States will introduce testimony of other witness who observed Maurizio engaging in illicit sexual conduct with minors.  The evidence that the United States seeks to admit at trial is direct, intrinsic evidence of the crimes charged, and is therefore admissible pursuant to Federal Rules of Evidence 401, 402 and 403.  To the extent that the

aforementioned witnesses testify regarding acts of illicit sexual conduct with minor victims not specifically referenced in the Superseding Indictment, or that relates to incidents of abuse which may have occurred outside of the time periods charged in the Indictment, such evidence is alternatively admissible pursuant to Federal Rules of Evidence 414 and Federal Rule of Evidence 404(b); as evidence of the defendant's other acts, in order to prove his motive, opportunity, preparation, plan, intent, knowledge, identity, and absence of mistake or accident in reference to the offenses charged in the Indictment.

## I.     The Evidence is Admissible as Direct Evidence

Rule 402 of the Federal Rules of Evidence states that "all relevant evidence is admissible."  Fed. R. Evid. 402.  Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable."  Fed. R. Evid. 401.  *See, e.g., United States v. Sturm*, 673 F.3d 1274, 1282 and 1284 (10th Cir. 2012) (citing *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998)); *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001).  Relevant evidence should be admitted unless its "probative value is substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403.

The evidence that the United States seeks to admit at trial is direct, intrinsic evidence of the crimes charged, and therefore does not implicate Rule 404(b). It is well-established that Rule 404(b) does not extend to evidence of acts which are intrinsic to the charged offense. *Id.* at 320; *see United States v. Girod*, 646 F.3d 304, 319 (5th Cir. 2011) (finding that Rule 404(b) only limits the admissibility of extrinsic evidence, not intrinsic evidence). Intrinsic evidence is admissible "to complete the story of the crime by proving the immediate context of events in time and place" and "to evaluate all of the circumstances under which the defendant acted." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (internal citations omitted). Evidence is intrinsic if it "directly proves" the charged offense or was performed "contemporaneously with the charged crime" and facilitated the commission of the charged crime. *United States v. Green*, 617 F.3d 248, 248-49 (3d Cir. 2010); *United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002); *United States v. Gibbs*, 190 F.3d 188, 218 (acts of violence admissible as direct proof of the charged drug conspiracy). Furthermore, evidence which is "inextricably intertwined with the charged offense is admissible as such" and not as other acts evidence under Rule 404(b). *United States v. Cross*, 303 F.3d 308 at 319 (noting that evidence that is not part of the crime charged but pertains to the chain of events explaining the "context, motive, and set-up of the crime, is properly

6

admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."); *see also United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007) ("Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged.").

Maurizio is charged with four counts of traveling in foreign commerce and engaging in illicit sexual conduct with three minors under the age of eighteen, in violation of 18 U.S.C. § 2423(c).  As such, the proffered evidence is relevant, probative evidence which directly proves the charged offenses.  *Green*, 617 F.3d 248-49 (3d Cir. 2010).  To the extent that the testimony extends to incidents of illicit sexual conduct Maurizio engaged in with minors which fall outside the time periods charged in the Indictment, or which involves minor victims not specifically referenced in the Indictment, such evidence clearly pertains to the context and surroundings in which Maurizio committed the charged offenses, and is linked in time and circumstances with the charged criminal offenses.  Furthermore, this evidence will help complete the narrative for the jury.  *Cross*, 303 F.3d at 320 (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985).  As

such, the proffered evidence should be admitted pursuant to Federal Rules of Evidence 401, 402 and 403.

## II.    Evidence Admissible as 414 Evidence

In 1994, as part of the Violent Crime Control and Law Enforcement Act, Congress enacted Rule 414. Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." *See* Fed. R. Evid. 414(a).  Thus, in order to be admissible pursuant to Rule 414, the defendant must be accused of child molestation, *and* the evidence offered must be evidence that defendant committed a prior or different offense of child molestation.  An "offense of child molestation" is defined in pertinent part as, *inter alia*, a crime under federal or state law that involved conduct proscribed by Chapter 110 of Title 18 the U.S. Code.  *Id. See* 18 U.S.C. § 2252(a)(4)(B).  Attempts are also included. Fed. R. Evid. 414(d)(2)(f).

Several circuits have admitted evidence pursuant to Federal Rule of Evidence 414 when a defendant is charged with a Chapter 117 offense.  *See, e.g.*, *United States v. McGuire*, 627 F.3d 622 (7th Circuit 2010); *United States v. Levinson*, (11th Cir. 2013), *cert. denied*, 134 S. Ct. 129 (U.S. 2013) (affirming admission of evidence of prior conviction and alleged sexual abuse pursuant to

Rule 414 during prosecution for 18 U.S.C. § 2422(b) violation);  *United States v.
Kelly*, 510 F.3d 433 (4th Cir. 2007) (affirming admission of evidence of prior rape
offense pursuant to Rule 414 during trial for 18 U.S.C. § 2423(b) violation);
*United States v. Lawrence*, 187 F.3d 638 (6th Cir. 1999) (affirming admission of
evidence of uncharged sexual contact with a minor pursuant to Rule 414 in
prosecution for 18 U.S.C. § 2423(a) violation); *United States v. Larson*, 112 F.3d
600 (2d Cir. 1997) (affirming admission of evidence of uncharged molestation
offense pursuant to Rule 414 in prosecution for 18 U.S.C. § 2423(a) violation);
*United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997) (affirming
admission of evidence of prior molestation offense pursuant to Rule 414 in
prosecution for 18 U.S.C. § 2423 violation).  Rule 414(d) defines "child
molestation" for *both* (1) the pending criminal prosecution and (2) the evidence
sought to be introduced.  *See* Fed. R. Evid. 414(d).  As Court's have consistently
allowed the admission of evidence pursuant to Federal Rule of Evidence 414 in
prosecutions involving Chapter 117 offenses, it is clear that such offenses qualify
as "criminal cases in which a defendant is accused of child molestation."

In contrast to Rule 404(b), which prohibits the admission of evidence to
prove the defendant's criminal propensity to commit the charged offense, Rule 414
evidence of a prior similar offense of sexual assault or child exploitation "'may be

considered for its bearing on any matter to which it is relevant,' including the defendant's propensity to commit such offenses." *United States v. Hollow Horn*, 523 F.3d 882, 887 (8th Cir. 2008) (quoting Fed. R. Evid. 414) (internal citations omitted).  Evidence admitted pursuant to Rule 414 "does not need to be similar in every respect to the charged offense," rather, "the evidence only needs to be probative as to some element of the charged offense."  *Moore*, 425 Fed. Appx. at 352 (citing *United States v. Dillon,* 532 F.3d 379, 389 (5th Cir. 2008); *United States v. Caldwell*, 586 F.3d 338, 345-46 (5th Cir. 2009)); *see also Ledesma v. Gov't of Virgin Islands*, 159 F.Supp.2d 863, 871 (D.V.I. 2001).  Furthermore, Rule 414 evidence is admissible if  "a reasonable jury could find by a preponderance of the evidence that the past act" was an offense of child molestation under Rule 414(d)'s definition and that it was committed by the defendant.  *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 154 (3d Cir. 2002).

Relevant evidence of a defendant's other acts of child exploitation is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice or by any other factor under Rule 403. *See United States v. Guidry*, 456 F.3d 493, 503 (5th Cir. 2006); *United States v. Carino*, 368 Fed. Appx. 929, 930 (11th Cir. 2010); *United States v. Bunty*, 617 F.Supp.2d 359, 373 (E.D. Pa. 2008) (evidence of defendant's prior highly probative and therefore

substantially outweighed the risk of unfair prejudice). When performing the Rule 403 balancing test, a court should consider whether the past act is "substantially similar" to the act for which the defendant is being tried and whether the past act can "be demonstrated with sufficient specificity." *Bunty*, 617 F.Supp.2d at 375 (quoting *Johnson*, 283 F.3d at 156)(internal citations omitted)).

Maurizio, who is charged with both Chapter 110 and Chapter 117 offenses, is charged with an offense of child molestation as defined in Rule 414. Similarly, his acts of engaging, or attempting to engage, in illicit sexual conduct with other minors, or which occurred with the minors referenced in the Indictment but which may have occurred outside of the time periods specifically charged in the Indictment, are also offenses of child molestation. At trial, the jury will hear testimony from the testifying victims and witnesses regarding acts of illicit sexual conduct Maurizio engaged in over a period of five years. From this evidence, the jurors can easily conclude that Maurizio committed the uncharged acts. Furthermore, the probative value of the testimony regarding additional instances of illicit sexual conduct Maurizio engaged in is extremely high because such acts are substantially similar to the charged criminal offenses and can be described with sufficient specificity. *See Bunty*, 617 F.Supp.2d at 375 (quoting *Johnson*, 283 F.3d at 156)(internal citations omitted)). Rule 414 allows the admission of this evidence,

11

and the jury may consider it "for its bearing on any matter to which it is relevant."

Fed. R. Evid. 414.

### 3. Evidence Admissible as 404(b) Evidence[1]

The proffered evidence is, alternatively, admissible under Rule 404(b) to prove the defendant's knowledge, identity, motive, and plan to commit the charged offenses, as well as to defeat any defense of accident or mistake.

Rule 404(b) of the Federal Rules of Evidence governs the admission of other crimes, wrongs, or acts and reads, in pertinent part, as follows:

> (b) Other Crimes, Wrongs, or Acts –
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

In a criminal prosecution, Federal Rule of Evidence 404(b) requires the United States, upon request by the accused, to provide reasonable notice "of the

---

[1] The Government will submit an additional notice pursuant to Federal Rule of Evidence 404(b) regarding the defendant's other crimes, wrongs or acts by September 1, 2015; in accordance with the Court's Amended Pretrial Order.

general nature of any such evidence it intends to introduce at trial." Fed. R. Evid.

404(b). According to the advisory committee notes interpreting Federal Rule of

Evidence 404(b), notice is required whether the evidence is intended to be used in

the government's case-in-chief, for impeachment, or for rebuttal. It is not

necessary that the extrinsic evidence fit neatly under one of the exceptions listed in

Rule 404(b), as this list is not exhaustive. *United States v. Ebron*, 683 F.3d 105,

131 (5th Cir. 2012). Instead, as the Third Circuit has explained, to avoid the

strictures of Rule 404(b), all the government must do is demonstrate that the

evidence has "some showing of proper relevance." *United States v. Sampson*, 980

F.2d 883, 886 (3d Cir. 1992); *United States v. Smith*, 725 F.3d 340, 345 (3d Cir.

2013) (quoting *Huddleston*, 485 U.S. at 686)); *see United States v. Echeverri*, 854

F.2d 638, 644 (3d Cir. 1988) (evidence under Rule 404(b) is admissible when the

evidence logically tends to establish a material fact in issue and that chain of logic

does not involve making an inference that a bad person is disposed to do bad acts).

Rule 404(b) is inclusive, not exclusive, and emphasizes admissibility. *Gov't. of*

*Virgin Islands v. Edwards*, 903 F.2d 267, 270 (3d Cir. 2010) (citing *United States*

*v. Scarfo,* 850 F.2d 1015, 1021 (3d Cir. 1988), *cert. denied*, 488 U.S. 910 (1988)).

Four guidelines set forth by the Supreme Court govern the admission of

prior "bad acts": (1) the evidence must have a proper purpose under Rule 404(b);

(2) it must be relevant under Rule 402; (3) its probative value must outweigh its

prejudicial effect under Rule 403; and (4) on request, the court must charge the

jury to consider the evidence only for the limited purpose for which it is admitted.

*Sampson*, 980 F.2d at 886 (citing *Huddleston*, 485 U.S. 691-92).  Proper

evidentiary purpose means the evidence is "probative of a material issue other than

character."  *Huddleston*, 485 U.S. at 686.  The evidence must "clearly articulate

how [it] fits into a chain of logical inferences, no link of which may be the

inference that the defendant has the propensity to commit the crime charged."

*United States v. Williams*, 485 F.3d 312, 319 (3d Cir. 2006) (citing *United States v.*

*Morley*, 199 F.3d 129 (3d Cir. 1999)).  Furthermore, there is no requirement that

the court make a preliminary finding under Rule 104(a) that the defendant in fact

committed the similar act, the court need only to determine whether the jury could

reasonably find by a preponderance of the evidence that the similar act was

committed. *Huddleston*, 485 U.S. at 689.

     The proffered evidence is relevant to prove the defendant's intent to commit

the charged offenses. A plea of not guilty, as Maurizio has entered, places his

knowledge and intent at issue. *See United States v. Walker*, 410 F.3d 754, 759 (5th

Cir. 2005); *see also United States v. Zappata*, 139 F.3d 1355, 1358 (11th Cir.

1998) (a not guilty plea makes "intent a material issue which imposes a substantial

burden on the government to prove intent").   The defendant's acts of engaging and attempting to engage in illicit sexual conduct with other minors and/or with minors outside of the time periods specifically alleged in the Indictment is admissible pursuant to Rule 404(b) to demonstrate the defendant's motive, opportunity, preparation, plan, intent, knowledge, identity, and absence of mistake or accident in reference to the offenses charged in the Indictment. *See United States v. Barrington*, 648 F.3d 1178, 1186 (11th Cir. 2011) (internal citations omitted) ("[w]here extrinsic act evidence is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses"); *United States v. Warner*, Cr. No. 12-0107, 2014 WL 122820, at *3-4 (W.D. Pa. Jan. 13, 2014) (permitting the government to introduce 404(b) evidence to prove the defendant's state of mind, intent, access to victims, and opportunity to offend); *United States v. Prawdzik*, No. CR. 07-00040-03, 2008 WL 3983811 (E.D. Pa. Aug. 25, 2008) *aff'd* 484 F. App'x 717 (3d Cir. 2012) (allowing 404(b) evidence to show proof of defendant's state of mind, motive or opportunity, and an absence of mistake or accident); *United States v. Rogers*, 587 F.3d 816, 821 (7th Cir. 2009) (evidence of similar prior acts show that the defendant has "a taste for engaging in that crime or a compulsion to engage in it"); *United States v. Ivins,* Cr. No. 09-320, 2010 WL 1388999, at *4 (E.D. Pa.

Mar. 31, 2010) ("Evidence of a defendant's prior crime is relevant to show defendant had opportunity to commit the crime with which he is charged where such evidence suggests defendant had the ability or knowledge to commit the crime in issue); *see also United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) (affirming admission of prior acts of sexual molestation under Rule 404(b) as evidence of motive and identity).

The proffered evidence is also relevant because it bolsters the credibility of the victims in this case. The United States thoroughly anticipates that the victims' credibility will be questioned on cross-examination by defense counsel. *See United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (noting that sexual abuse cases "often raise questions regarding the victim's credibility[,] and a defendant's prior conduct can be especially probative" (citing *United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998))). The proffered evidence is especially relevant in this case, where the government will rely largely on victim testimony to prove Maurizio's illicit sexual conduct. As such, the government reasonably expects that the defendant will attempt to challenge the victims' credibility on cross-examination; and, if such a challenge is raised, the government should be permitted to introduce such evidence to successfully combat that challenge. *Id.; see also Benally*, 500 F.3d at 1092–93 (affirming district court's admission of evidence of

16

four prior rapes where defendant was charged with aggravated sexual assault and noting district court's finding that evidence of prior acts were necessary to address challenges to credibility of child witnesses); *United States v. Garcia*, 148 F. App'x 594, 595–96 (9th Cir. 2005) (affirming admission of prior acts of sexual abuse under Rule 404(b) to address credibility challenges raised in cross-examination and as evidence of the defendant's intent, knowledge, and absence of mistake or accident). As there are proper purposes for admitting such evidence pursuant to Rule 404(b), the government should be permitted to do so during its case in chief.

## Conclusion

The evidence discussed herein should be admitted as direct, highly probative evidence which tends to prove elements of the defendant's offenses as charged in the Indictment.  Alternatively, this evidence is admissible pursuant to Rules 414 and 404(b) of the Federal Rules of Evidence because it is relevant to the

defendant's motive, opportunity, preparation, plan, intent, knowledge, identity, and

absence of mistake or accident in reference to the charged offenses.


Dated:  August 25, 2015                    Respectfully submitted,

                                           DAMON KING
                                           Acting Chief, Child Exploitation and
                                           Obscenity Section
                                           U.S. Department of Justice, Criminal
                                           Division

                                           s/  Amy E. Larson_____

                                           BY:  AMY ELIZABETH LARSON
                                           Trial Attorney
                                           NY Bar No. 4108221

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**


**UNITED STATES OF AMERICA**                    **CRIMINAL NO. 14-23 J**

**VERSUS**

**JOSEPH D. MAURIZIO, JR.**


**O R D E R**

The Government's Motion to Introduce Evidence Pursuant to Federal Rules of Evidence 401, 402, 403, 404(b) and 414 is granted.   The Government may introduce the items of evidence discussed therein in its case in chief and shall be able to cross-examine the Defendant with same if the Defendant chooses to testify.


Signed on _____, 2015.


_____

United States District Judge


19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2015, a copy of the foregoing Notice was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:   <u>s/Amy E. Larson</u>
        Amy E. Larson
        Trial Attorney
        United States Department of Justice
        Child Exploitation and Obscenity
        Section
        1400 New York Ave, NW
        Washington, DC 20530