**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL NO. 3:14-23** |
| **v.** | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| **JOSEPH D. MAURIZIO, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

## I.    Introduction

This case arises from allegations that Defendant engaged in illicit sexual conduct in a foreign place; possessed child pornography; and transported, transmitted, or transferred funds or monetary instruments out of the United States with the intent to promote illicit sexual conduct in a foreign place. Trial in this matter is currently scheduled to begin on September 8, 2015. (*See* ECF Nos. 59, 94.) Presently before the Court is the Government's Notice of Intent to Use Evidence Pursuant to Federal Rules of Evidence 401, 402, 403 and, alternatively, 414 and 404(b), seeking a ruling from the Court that the evidence is admissible under one or more of those evidentiary rules. (ECF No. 103.)[1] Defendant has filed a response opposing the admission of that evidence. (ECF No. 105.) The Government filed a reply (ECF No. 114), to which Defendant filed a reply (ECF No. 121), and the Government filed an omnibus sureply (ECF No. 127 at 4-5). The issues have been fully briefed, and the motion is ripe for disposition. For the reasons explained below, the Court will grant the Government's motion to admit the requested evidence.

---

[1] Defendant has filed a motion to exclude expert testimony (ECF No. 98), which the Court will address by separate order.

## II.     Applicable Law

The Government's motion to introduce evidence (ECF No. 103) raises evidentiary issues under Federal Rules of Evidence 401, 402, 403, 404(b), and 414.  The Court will first review the offenses contained in the Indictment and then will summarize the pertinent rules of evidence.

### A.     Elements of the Alleged Crimes

On September 25, 2014, a criminal complaint was filed against Defendant, charging him with engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c), and with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4).  (ECF No. 1.)  On October 7, 2014, the grand jury issued a two-count Indictment, charging Defendant at Count One with engaging in illicit sexual conduct with a minor in foreign places, in violation of 18 U.S.C. § 2423(c), and at Count Two with possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. 2252(a)(4)(B).  (ECF No. 16.)

On April 7, 2015, the grand jury issued an eight-count Superseding Indictment, charging Defendant at Count One with engaging in illicit sexual conduct with a minor in foreign places, in violation of 18 U.S.C. § 2423(c), at Count Two with possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. 2252(a)(4)(B), at Counts Three through Five with engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(c), and at Counts Six through Eight with the transporting, transmitting, or transferring of funds or monetary instruments into or out of

the United States with the intent to promote the carrying on of a specified unlawful activity, in violation of 19 U.S.C. § 1956(a)(2)(A). (ECF No. 69.)

To prove that Defendant committed the crime of Engaging in Illicit Sexual Conduct in a Foreign Place, the Government must show that: (1) Defendant traveled in foreign commerce or resided, either temporarily or permanently, in a foreign country, and (2) Defendant engaged in any illicit sexual conduct with another person, which is a sexual act with a person under 18 years of age, a commercial sex act with a person under 18 years of age, or the production of child pornography. 18 U.S.C. § 2423(c).

To prove that Defendant committed the crime of Possession of Child Pornography, the Government must show that: (1) Defendant knowingly possessed, or knowingly accessed with intent to view, one or more books, magazines, periodicals, films, video tapes, or other matter, (2) the matter contained any visual depiction that had been mailed, or had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, and (3) the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct. 18 U.S.C. § 2252(a)(4).

To prove that Defendant committed the crime of transporting, transmitting, or transferring funds or monetary instruments into or out of the United States with the intent to promote the carrying on of a specified unlawful activity, the Government must show that: (1) Defendant transported, transmitted, or transferred, or attempted to transport,

transmit, or transfer a monetary instrument or funds from a place in the United States to

or through a place outside the United States or to a place in the United States, and (2)

Defendant did so with the intent to promote the carrying on of engaging in illicit sexual

conduct. 18 U.S.C. § 1956(a)(2)(A).

### B.     Applicable Rules of Evidence

Under Rule 402 of the Federal Rules of Evidence, relevant evidence is admissible

unless the Constitution, a federal statute, the Federal Rules of Evidence, or rules

prescribed by the Supreme Court provide otherwise. FED. R. EVID. 402. Rule 401 provides

that evidence is relevant if "(a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining

the action." FED. R. EVID. 401. Although evidence must be relevant to be admissible, Rule

401 does not set a high standard for admissibility. *Hurley v. Atl. City Police Dep't*, 174 F. 3d

95, 109–10 (3d Cir. 1999) (citation omitted). The Third Circuit has explained:

> [R]elevancy is not an inherent characteristic of any item of evidence but
> exists only as a relation between an item of evidence and a matter
> properly provable in the case. Because the rule makes evidence relevant
> if it has any tendency to prove a consequential fact, it follows that
> evidence is irrelevant only when it has *no* tendency to prove the fact.

*Blancha v. Raymark Indus.*, 972 F. 2d 507, 514 (3d Cir. 1992) (emphasis in original) (citations

and quotations omitted).

Under Rule 403, even relevant evidence is inadmissible "if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." FED. R. EVID. 403. Rule 403 mandates a balancing test,

"requiring sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F. 3d 512, 537 (3d Cir. 2010). Relevant here, the advisory notes to Rule 403 state that "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's note; *see Dollar v. Long Mfg., N.C., Inc.*, 561 F. 2d 613, 618 (5th Cir. 1977) ("Of course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"). The Supreme Court has explained:

> The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. . . . . Such improper grounds certainly include . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily). . . . "Although . . . 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." . . . . Rule of Evidence 404(b) reflects this common-law tradition by addressing propensity reasoning directly: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." There is, accordingly, no question that propensity would be an "improper basis" for conviction and that evidence of a prior conviction is subject to analysis under Rule 403 for relative probative value and for prejudicial risk of misuse as propensity evidence.

*Old Chief v. United States*, 519 U.S. 172, 180-182 (U.S. 1997) (some alterations in original) (internal citations omitted).

Additionally, in accordance with Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602. "Evidence to prove personal knowledge may consist of the witness's own testimony." *Id.* Similar to the relevancy requirement of Rule 401, the personal knowledge requirement of Rule 602 creates a low threshold for admissibility. *United States v. Gerard*, 507 Fed. App'x 218, 222 (3d Cir. 2012). A court should admit witness testimony "if the jury could reasonably find that the witness perceived the event." *Id.* (citing *United States v. Hickey*, 917 F. 2d 901, 904 (6th Cir. 1990)).

While all relevant evidence is admissible, Rule 404(b) bars the admission of evidence of a crime or bad acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Rule 404(b), in relevant part, provides as follows:

> (b) Crimes, Wrongs, or Other Acts.
>
> > (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> >
> > (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> >
> > > (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> > >
> > > (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

FED. R. EVID. 404(b)(1)-(2).

The purpose of Rule 404(b) evidence must be to show something other than propensity. *United States v. Green*, No. 3:08-CR-26, 2009 U.S. Dist. LEXIS 93512, at *2 (W.D. Pa. Oct. 7, 2009). Further, to be admissible under Rule 404(b), "evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010); *see also Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). The Third Circuit has noted that Rule 404(b) is a rule of *inclusion* rather than *exclusion;* the admission of evidence of other criminal conduct is favored "if such evidence is 'relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime.'" *United States v. Williams*, No. 3:07-CR-5, 2008 U.S. Dist. LEXIS 92916, at *5 (W.D. Pa. Nov. 14, 2008) (quoting *United States v. Givan*, 320 F. 3d 452, 460 (3d Cir. 2003)).

Finally, Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." FED. R. EVID. 414(a). "The term 'child molestation' encompasses . . . the distribution, advertising, or possession of child pornography." *United States v. Loughry*, 660 F.3d 965, 969 (7th Cir. 2011) (citing FED. R. EVID. 414(d)). It also includes evidence of "contact between any part of the defendant's body—or an object—and a child's genitals

or anus" and "contact between the defendant's genitals or anus and any part of a child's body." FED. R. EVID. 414(d)(2)(C)-(D).

Rule 414 "constitutes an exception to the rule that evidence of prior bad acts is not admissible to show a defendant's propensity to commit the offense charged." *Loughry*, 660 F.3d at 969. The rule is the result of a "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997). The Third Circuit has instructed that a Rule 403 balancing analysis is appropriate when deciding whether to admit evidence under Rule 414. *See Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 155-56 (3d Cir. 2002). Where the Government can show a past offense with specificity and the act is sufficiently similar to the act with which the defendant is charged, there is a presumption in favor of admissibility of Rule 414 evidence. *See id.* at 156. The following factors are also relevant when weighing admissibility under Rule 414: "'the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim.'" *Id.* (quoting *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998)) (internal quotation marks omitted).

### III. Discussion

The Government has filed a motion seeking to "introduce the testimony of Minor 1, Minor 2[,] and Minor 3, who will testify regarding instances of illicit sexual conduct that [Defendant] engaged and attempted to engage in with them." (ECF No. 103 at 4.) Additionally, the witnesses "will testify regarding acts of illicit sexual conduct they

observed [Defendant] engage in with other minors residing at the non-profit organization in Honduras." (*Id.*) Specifically, the proposed testimony will detail Defendant's attempts to photograph one witness, who was a minor at the time, "nude, bathing, and in various states of undress." (ECF No. 114 at 8.) The witness will also testify that Defendant "offered him money and asked to take photographs of [him] fully nude and masturbating." (*Id.*) Additionally, the Government seeks "to introduce testimony of individuals involved in and aware of [Defendant's] financial transactions." (*Id.*) In its motion, the Government contends that, to the extent the witnesses testify regarding acts of illicit sexual conduct not specifically referenced in the Indictment or acts which occurred outside the time periods charged in the Indictment, their testimony is admissible as direct, intrinsic evidence of the crimes charged. (ECF No. 103 at 4-5.) In the alternative, the Government asserts that the evidence is admissible under Rules 404(b) and 414. (*Id.* at 5.)

In response, Defendant argues that the Government's motion must be denied because it does not meet the deadlines set forth in the Court's February 6, 2015, amended pretrial order. (ECF No. 105 at 2-3; ECF No. 59.) Defendant further contends that proposed testimony is inadmissible because it was not presented to the Grand Jury or included in the Indictment. (ECF No. 105 at 4-5.) Defendant argues that the testimony is not admissible under Rule 404(b) because "[t]he credibility of the alleged victims has not yet been attacked in this matter, making this motion premature and unripe." (*Id.* at 8-9.) Defendant asserts that the testimony is also inadmissible under Rule 414 because its prejudicial value substantially outweighs any probative value. (*Id.* at 5-8.) In his reply,

Defendant reiterates that he "disagree[s] the proffered evidence . . . constitutes Jencks Act material" because he "fails to see how testimony of the alleged other witness [who] is not the subject of any criminal charges constitutes Jencks Act material" or "how evidence showing [Defendant] moved money around is Jencks Act material."  (ECF No. 121 at 2.) Defendant further claims that "[t]he Government's Notice has essentially been reduced to a F.R.E. 404(b) argument, as it appears in the Government's response at [ECF No.] 114 that it has abandoned the other proffered arguments."  (*Id.*)

For the reasons explained below, the Court finds that the evidence that the Government intends to introduce is admissible.  First, the Court finds Defendant's argument that "[t]he Government's Notice has essentially been reduced to a F.R.E. 404(b) argument," (*id.*), meritless.  The mere fact that the Government focused on Rule 404(b) in its reply (ECF No. 114) to Defendant's response (ECF No. 105) does not render its initial notice (ECF No. 103) "abandoned."  (*See also* ECF No. 127 at 4-5.)

The Court also notes that the February 6, 2015, amended pretrial order sets the *Brady v. Maryland*, 373 U.S. 83 (1963)/*Giglio v. United States*, 405 U.S. 150 (1972), deadline as "at least fourteen (14) days before trial."  (ECF No. 59 ¶ 3(b).)  As the Government argues in its reply, nothing in the proffered testimony constitutes *Brady* or *Giglio* material.  (ECF No. 114 at 2.)  Specifically, the proposed testimony does not include "evidence favorable to [the] accused," *Brady*, 373 U.S. at 87, or potential impeachment material, *Giglio*, 405 U.S. at 154.  Rather, the evidence constitutes Jencks Act material as "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."  18 U.S.C. 3500(b).  Because the amended pretrial order

provides that "[t]he Government is encouraged to provide Jencks Act materials . . . no later than four (4) days before trial," the Government has not violated its discovery obligations. (*Id.* ¶ 3(a).) Next, the Court will address the parties' arguments regarding the admission of the testimony as intrinsic evidence and as Rule 404(b) and Rule 414 evidence.

### A.   Admissible as Intrinsic Evidence

The Government asserts that the proposed testimony is "direct, intrinsic evidence of the crimes charged" and is therefore admissible without resorting to Rule 404(b). (ECF No. 103 at 6.) The Third Circuit has held that the "intrinsic evidence" label applies only to two narrow categories of evidence. *Green*, 617 F.3d at 248 (rejecting the definition applied in other circuits of "intrinsic evidence" as evidence that is "inextricably intertwined" with the charged offense). The first category is evidence of uncharged misconduct that directly proves the charged offense. *Id.* at 249. The second category is evidence of "uncharged acts performed contemporaneously with the charged crime" that "facilitate the commission of the charged crime." *Id.* (internal quotations omitted). Evidence of other acts that falls outside of these two narrow categories is extrinsic and subject to Rule 404(b) analysis. *See id.* at 249-50; *see also United States v. Shelow*, No. 10-CR-37, 2011 U.S. Dist. LEXIS 141626, at *6 (E.D. Pa. Dec. 8, 2011).

In the instant case, the Government contends that the proffered evidence directly proves the charged offenses. (ECF No. 103 at 7.) Because Defendant is charged with four counts of traveling in foreign commerce and engaging in illicit sexual conduct with three

minors, the Government argues that the proposed testimony, although outside the time periods charged in the Indictment, "directly proves the charged offenses." (*Id.*) The Government further asserts that the evidence "clearly pertains to the context and surroundings in which [Defendant] committed the charged offenses, and is linked in time and circumstances with the charged criminal offenses." (*Id.*)[2]

Regarding the first *Green* category, the proposed testimony that witnesses observed Defendant engage in illicit sexual conduct with other minors residing at the non-profit organization in Honduras directly proves the charged offense that Defendant traveled in foreign commerce and engaged in illicit sexual conduct with minors. As discussed above, to prove that Defendant committed the crime of engaging in illicit sexual conduct in a foreign place, the Government must show that Defendant traveled in foreign commerce and engaged in any illicit sexual conduct with another person. 18 U.S.C. § 2423(c). The proposed testimony shows that Defendant traveled to Honduras and that he engaged in illicit sexual conduct with another person. *See Green*, 617 F.3d at 248 (noting that "evidence of 'an act that is part of the charged offense . . . is properly considered intrinsic'") (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)). Moreover, the proposed testimony "is not evidence of some 'other' crime." *Id.* at 249. To the extent the proffered evidence is outside the time periods charged in the Indictment and includes minor victims not referenced in the Indictment, the Court finds that it is admissible "as background or 'completes the story' evidence." *Id.* ("[I]t is unlikely that our holding will

---

[2] Defendant's response and reply do not address the *Green* categories of intrinsic evidence. (*See* ECF Nos. 105, 121.)

exclude much, if any, evidence that is currently admissible as background or 'completes the story' evidence under the inextricably intertwined test.").

Similarly, the proposed testimony that Defendant attempted to photograph one witness "nude, bathing, and in various states of undress" and "offered him money and asked to take photographs of [him] fully nude and masturbating" (ECF No. 114 at 8) directly proves the charged crime of possession of child pornography. As discussed above, to prove that Defendant committed the crime of possession of child pornography, the Government must show that Defendant knowingly possessed matter containing the visual depiction of a minor engaging in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(4). If Defendant did take photographs of the minor "fully nude and masturbating" (*id.*), this evidence will show that Defendant knowingly possessed matter depicting a minor engaging in sexually explicit conduct. *See Green*, 617 F.3d at 248. To the extent the proffered evidence is outside the time periods charged in the Indictment and includes minor victims not referenced in the Indictment, the Court again finds that it is admissible "as background or 'completes the story' evidence." *Id.* at 249.

Finally, the proposed testimony that Defendant "offered [the witness] money and asked to take photographs of [him] fully nude and masturbating" (ECF No. 114 at 8) directly proves the charged crime of transferring funds or monetary instruments into or out of the United States with the intent to promote carrying on explicit sexual conduct. As discussed above, to prove that Defendant committed the crime of transporting, transmitting, or transferring funds or monetary instruments into or out of the United States with the intent to promote the carrying on of unlawful activity, the Government

must show that Defendant transmitted a monetary instrument or funds from the United States to Honduras and that Defendant did so with the intent to promote the carrying on of unlawful conduct. If Defendant did provide the witness with "money . . . to take photographs of [him] fully nude and masturbating," (*id.*), this evidence will show that Defendant transmitted funds from the United States to Honduras with the intent of carrying on unlawful activity. *See Green*, 617 F.3d at 248. To the extent the proffered evidence is outside the time periods charged in the Indictment and includes minor victims not referenced in the Indictment, the Court again finds that it is admissible "as background or 'completes the story' evidence." *Id.* at 249. Thus, the Government's proffered evidence satisfies the first *Green* category as uncharged misconduct that directly proves all charged offenses.

Regarding the second *Green* category, the proffered evidence does not establish that Defendant facilitated the commission of the charged crimes. As the Government concedes, the proposed testimony relates to "acts of illicit sexual conduct with minor victims not specifically referenced in the Superseding Indictment, or that relates to incidents of abuse which may have occurred outside the time periods charged in the Indictment." (ECF No. 103 at 5.) Thus, the Court cannot conclude that the "uncharged acts [were] performed contemporaneously with the charged crime[s]" and that "they facilitate[d] the commission of the charged crime[s]." *Green*, 617 F.3d at 249 (internal quotations omitted).[3]

---

[3] The Court further notes that the Government fails to provide any arguments regarding the second category of *Green* and appears to only contend that the evidence satisfies the first category of *Green*. (*See* ECF No. 103 at 5-8.)

Although the Government's proffered evidence does not satisfy the second *Green* category, it satisfies the first *Green* category as uncharged misconduct that directly proves all charged offenses and is therefore admissible as intrinsic evidence. *See United States v. Staton*, 605 Fed. Appx. 110, 116 (3d Cir. 2015) (explaining that intrinsic evidence "(1) directly proves the charged offense; *or* (2) demonstrates uncharged acts performed contemporaneously with the charged crime [that] facilitate the commission of the charged crime") (emphasis added) (internal quotations omitted). *See also United States v. Casile*, 490 F. App'x 470, 475 (3d Cir. 2012) (in a case involving a charge of interstate travel with intent to harass or intimidate, upholding the admission of recordings of telephone calls the defendant made while in prison as intrinsic to the charged conduct); *United States v. Northington*, No. 07-CR-550, 2013 U.S. Dist. LEXIS 14323 (E.D. Pa. Feb. 1, 2013) (admitting evidence of the defendant's 2004 arrest as intrinsic evidence that directly proved the charged RICO conspiracy offense and stating that "[t]he Court may not exclude intrinsic act evidence because it is proof of the ultimate issue in the case") (internal quotations omitted); *United States v. Cox*, No. 11-CR-99, 2011 U.S. Dist. LEXIS 118759, at *6-7 (D.N.J. Oct. 13, 2011) (in a child pornography case, admitting e-mail communications regarding the distribution of child pornography as intrinsic evidence).

## B. Admissible as Rule 404(b) Evidence

Even if the evidence does not meet the Third Circuit's test for intrinsic evidence, it would nevertheless be admissible under Rule 404(b). The Government contends that the evidence is admissible because it would show Defendant's knowledge, identity, motive,

and plan to commit the charged offenses, and it would "defeat any defense of accident or mistake."  (ECF No. 103 at 12.)  In response, Defendant argues that the testimony is not admissible under Rule 404(b) because the credibility of the witnesses has not yet been questioned, making the Government's motion premature.  (ECF No. 105 at 8-9.)

As noted above, if the Government's proffered evidence is extrinsic—rather than intrinsic—it must be analyzed under Rule 404(b) of the Federal Rules of Evidence, which permits the admission of "other act" evidence to show such things as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  In *Huddleston*, 485 U.S. at 691-92, the United States Supreme Court established a four-part test to determine the admissibility of evidence under Rule 404(b).  To be admissible, "evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *Green*, 617 F.3d at 249.

Having evaluated the Government's evidence in light of the *Huddleston* factors, the Court finds that the evidence is admissible under Rule 404(b).  Regarding the first *Huddleston* factor, the Government has stated a proper purpose for admitting the proffered evidence.  "A proper purpose is one that is 'probative of a material issue other than character.'"  *Green*, 617 F.3d at 250 (quoting *Huddleston*, 485 U.S. at 686).  The proffered evidence must fit "into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged."  *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994).  Here, the Government asserts its

evidence would "demonstrate [Defendant's] motive, opportunity, preparation, plan, intent, knowledge, identity, and absence of mistake or accident" and would "help complete the narrative for the jury." (ECF No. 103 at 7, 15.)

The Government also notes that it anticipates that Defendant will question the credibility of its witnesses and argues that "if such a challenge is raised, the government should be permitted to introduce such evidence to successfully combat that challenge." (*Id.* at 16.) As Defendant points out, the Government's argument is premature because Defendant has not yet attacked the credibility of the Government's witnesses. (ECF No. 105 at 8-9.)

Nonetheless, the Court finds that the Government has satisfied the first *Huddleston* factor because the proffered evidence will be used to establish Defendant's motive and knowledge, and it will be used for "supplying helpful background information to the finder of fact." *Green*, 617 F. 3d at 250. These are proper evidentiary purposes for admitting the proffered evidence under Rule 404(b). *See id.*; *see also United States v. Rogers*, 587 F.3d 816, 821 (7th Cir. 2009) (affirming decision admitting evidence that the defendant had sexually explicit internet conversations because it showed that he had "a taste for engaging in that crime or a compulsion to engage in it" because it established motive) (internal quotations omitted); *United States v. Warner*, No. 12-CR-107, 2014 U.S. Dist. LEXIS 3492, at *10 (W.D. Pa. Jan. 13, 2014) (admitting additional images of children for which the defendant was not charged because, under Rule 404(b), the images "tend[ ] to show lack of mistake or accident"); *United States v. Prawdzik*, No. 07-CR-40, 2008 U.S. Dist. LEXIS 65499, at *13-14 (E.D. Pa. Aug. 25, 2008) (admitting evidence the defendant had

previously engaged in sexual misconduct with minors because, under Rule 404(b), it established that she "had the motive or opportunity to commit those offenses, and that she did not commit the acts for which she is charged by accident or mistake").

Regarding the second factor, the proffered evidence is relevant under Rules 401 and 402 because the evidence makes it more probable that Defendant traveled in foreign commerce or resided, either temporarily or permanently, in a foreign country and engaged in illicit sexual conduct with another person; that Defendant possessed material depicting the sexual exploitation of a minor; and that Defendant transported, transmitted, or transferred funds or monetary instruments into or out of the United States with the intent to promote the carrying on of engaging in illicit sexual conduct in foreign places. The evidence also makes it less likely that Defendant's conduct was the result of any mistake or accident. *See Givan*, 320 F.3d at 461.

Regarding the third factor, the Court must weigh the probative value of the proffered evidence against its prejudicial effect. As discussed above, the probative value of the evidence is substantial because it directly proves the charged offenses. The Government has demonstrated that the evidence is clearly relevant. Importantly, testimony concerning Defendant's prior illicit sexual conduct, attempts to photograph one witness nude, and offer of money in exchange for his request "to take photographs of [the witness] fully nude and masturbating" (ECF No. 114 at 8) is relevant to the Government's burden of proving the crimes charged. *See supra* Part III.A.

In order for relevant evidence to be inadmissible under Rule 403, the prejudice must be "unfair" in that it substantially outweighs the probative value of the evidence.

The introduction of the proffered evidence would not unfairly prejudice Defendant by "distracting, swaying, diverting, or inflaming the jury." *United States v. Singleton*, 458 F. App'x 169, 173 (3d Cir. 2012). The proposed testimony is certainly prejudicial. However, as the Government notes, the evidence will not unfairly prejudice Defendant because "[a]t trial, the jury will hear testimony from the testifying victims and witnesses regarding acts of illicit sexual conduct [Defendant] engaged in over a period of five years." (ECF No. 103 at 11.) Moreover, "[v]irtually all evidence is prejudicial or it isn't material." *United States v. Finley*, No. 12-CR-16, 2014 U.S. Dist. LEXIS 123808, at *5 (W.D. Pa. Sept. 5, 2014). Thus, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. *See Singleton*, 458 F. App'x at 173; *see also United States v. Schneider*, 817 F. Supp. 2d 586, 606-07 (E.D. Pa. 2011) (holding that evidence that the defendant possessed faun figurines "as part of a continuing scheme to suggest to [the child victim] his ballet future was inseparable from his romantic relationship with [the defendant]" was properly admitted under Rule 404(b) where the defendant was charged with traveling in foreign commerce with the intent to engage in sex with a minor); *United States v. Merz*, No. 07-CR-199, 2009 U.S. Dist. LEXIS 37624, at *32 (E.D. Pa. May 4, 2009) (in a child pornography case, admitting evidence of the defendant's prior convictions of child molestation because they showed the defendant's "propensity to sexually victimize young girls"); *Prawdzik*, 2008 U.S. Dist. LEXIS 65499, at *11 (finding the proposed evidence was highly prejudicial because it suggested incest, but admitting it "because it tends to show that [the defendant] has a propensity to commit sexual crimes against children").

Regarding the final factor, a limiting instruction is unnecessary because the proffered testimony is admissible as both intrinsic evidence and, as discussed below, Rule 414 evidence. Thus, the Court will not provide Rule 404(b) limiting instructions to the jury. *See Green*, 617 F.3d at 248 ("[T]he only consequences of labeling evidence intrinsic are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon defense counsel's request.") (internal quotations omitted); *see also Singleton*, 458 Fed. Appx. at 174 (finding the trial court did not err when it did not give a limiting instruction because the evidence was intrinsic to the charged crime); *United States v. Haas*, 184 Fed. Appx. 230, 235 (3d Cir. Pa. 2006) ("[I]n light of the District Court's ruling that the robbery evidence was 'intrinsic' to the charged offense and thus exempt from 404(b), it would have been futile to request a limiting instruction under that rule."); MODERN FED. JURY INSTRUCTIONS — CRIMINAL 2.23: DEFENDANT'S PRIOR BAD ACTS OR CRIMES UNDER FED. R. EVID. 404(b) (3d Cir. 2012) ("This instruction should not be given when the other act evidence was admitted under Rule 413 or 414 of the Federal Rules of Evidence. Those rules allow the prosecution to introduce evidence of similar acts in prosecutions for sexual assault or child molestation. The evidence of prior conduct admitted under those rules 'may be considered on any matter to which it is relevant.' As a result, no limiting instruction should be given.").

### C.     Admissible as Rule 414 Evidence

Even if the evidence does not meet the Third Circuit's test for intrinsic evidence and Rule 404(b), it would nevertheless be admissible under Rule 414. The Government

contends that the evidence is admissible because several Circuit Courts have admitted evidence pursuant to Rule 414 when a defendant has been charged with Chapter 117 offenses. (ECF No. 103 at 8.) The Government further asserts that evidence of Defendant's other acts of child exploitation is relevant and not outweighed by the danger of unfair prejudice. (*Id.* at 10.) In response, Defendant argues that the evidence is inadmissible because the jury could not find "'by a preponderance of the evidence'" that the past acts were committed given that "no indictments have been returned." (ECF No. 105 at 4 (quoting *Johnson*, 283 F.3d at 154-55).) Defendant further contends that the evidence is inadmissible because its prejudicial effect outweighs its probative value. (*Id.* at 5-8.)

The Government seeks to introduce the testimony of witnesses who observed Defendant engage in illicit sexual conduct with other minors residing at the non-profit organization in Honduras and the testimony of witnesses who observed Defendant engage in illicit sexual conduct with minors. (ECF No. 103 at 4.) Rule 414 provides:

> "[C]hild molestation" means a crime . . . involving:
>
> > (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;
> > (B) any conduct prohibited by 18 U.S.C. chapter 110;
> > (C) contact between any part of the defendant's body—or an object—and a child's genitals or anus;
> > (D) contact between the defendant's genitals or anus and any part of a child's body;
> > (E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or
> > (F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E).

FED. R. EVID. 414(d)(2)(A)-(F).

The evidence that the Government seeks to admit reveals acts which constitute child molestation as defined in Rule 414(d). Specifically, the proposed testimony describes "contact between any part of the defendant's body—or an object—and a child's genitals or anus" and "contact between the defendant's genitals or anus and any part of a child's body." FED. R. EVID. 414(d)(2)(C)-(D). Under these circumstances, a reasonable jury could determine by a preponderance of the evidence that the past acts were offenses of child molestation under Rule 414(d)'s definition and that they were committed by Defendant. *See, e.g., United States v. Merz*, 396 Fed. Appx. 838, 842 (3d Cir. 2010) (in a child pornography case, upholding the admission of evidence of the defendant's prior convictions of child molestation under Rule 414); *Prawdzik*, 2008 U.S. Dist. LEXIS 65499, at *7-10 (in a case charging the defendant with manufacturing child pornography, finding that evidence that the defendant engaged in sexual acts with minors met Rule 414(d)'s definition of child molestation and was admissible). *See also United States v. McGuire*, 627 F.3d 622, 627 (7th Cir. 2010) (in a case involving charges for travelling for the purpose of engaging in illegal sexual activity, holding the admission of evidence of the defendant's previous crimes of sexual assault and child molestation was proper under Rule 414); *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997) (in a case involving charges for the interstate transportation of a minor with intent to engage in criminal sexual conduct, affirming the admission of evidence of the defendant's uncharged sexual contact with a minor under Rule 414).

As discussed above, the Court finds that the probative value of the Government's proposed testimony outweighs any prejudicial effect. *See, e.g., Merz*, 2009 U.S. Dist. LEXIS

37624, at *32 (in a child pornography case, admitting evidence of the defendant's prior convictions of child molestation because they were not "unfairly prejudicial, in light of the policy choices made by the drafters of Rule 414"); *Prawdzik*, 2008 U.S. Dist. LEXIS 65499, at *11 (finding the proposed evidence was highly prejudicial because it suggested incest, but admitting it "because it tends to show that [the defendant] has a propensity to commit sexual crimes against children").

## IV.     Conclusion

For the foregoing reasons, the Government will be permitted to admit all of the proffered evidence at trial on three bases, namely:   (1) pursuant to Federal Rules of Evidence 401, 402, and 403 as intrinsic evidence; pursuant to Federal Rule of Evidence 414; and (3) pursuant to Federal Rule of Evidence 404(b).   The evidence will be admitted by the Court pursuant to Rule 414 and as intrinsic evidence; therefore, the limiting instructions of Rule 404(b) will not be necessary.   This finding of admissibility is made without prejudice to Defendant raising any appropriate objections at trial that have not already been addressed, and without precluding the parties from requesting the Court to provide limiting instructions — with the exception of Rule 404(b) limiting instructions — to the jury.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) **CRIMINAL NO. 3:14-23** |
| v. | ) |
| | ) **JUDGE KIM R. GIBSON** |
| **JOSEPH D. MAURIZIO, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**AND NOW**, this 4th day of September, 2015, upon consideration of the Government's motion to introduce evidence (ECF No. 103), Defendant's response in opposition (ECF No. 105), the Government's reply (ECF No. 114), Defendant's reply (ECF No. 121), and the Government's omnibus sureply (ECF No. 127), and in accordance with the foregoing memorandum opinion of this Court, **IT IS HEREBY ORDERED** that the Government's motion is **GRANTED** and the Government may introduce the evidence set forth in its motion in its case in chief.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE