IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 3:14-23 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| JOSEPH D. MAURIZIO, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## CONFERENCE MEMO

Hearing:  Evidentiary Hearing

Before Judge:  Kim R. Gibson on February 2, 2016

| Amy E. Larson<br>Stephanie L. Haines<br>Appearing for United States | Steven P. Passarello<br>Daniel J. Kiss<br>Appearing for Defendant |
|---|---|
| 10:05 a.m.<br>Hearing Began | 10:55 a.m.<br>Hearing Concluded |
| SKS<br>Law Clerk | KS<br>Court Reporter |

After Defendant filed a motion for a new trial, the Court ordered an evidentiary hearing and oral argument. At the hearing, the parties presented oral argument and did not present any evidence. Defendant argued that his motion for a new trial should be granted because a statement contained in Erick's victim-impact statement was not merely impeachment evidence and would have caused the jury to doubt his credibility. Defendant also argued that his motion for a new trial should be granted because Erick's statement was *Brady v. Maryland*, 373 U.S. 83, 87 (1963), material, and the Government failed to disclose it. Defendant asserted that a new trial must be granted because he would have cross-examined Erick regarding his statement, which would have undermined his credibility.

In response, the Government argued that Erick's statement does not constitute a recantation and is, at best, impeachment evidence and that it would not produce an acquittal. Regarding *Brady*, the Government argued that Erick's statement does not constitute *Brady* material because the five-page victim-impact statement, taken in its entirety, does not contain evidence favorable to Defendant. The Court took the matter under advisement, and the hearing concluded.