IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff | : CR No. 14-23J |
| | : |
| vs. | : |
| | : |
| JOSEPH D. MAURIZIO, JR. | : |
| Defendant | : |

HEARING:  Sentencing on March 2, 2016

Before Judge Kim R. Gibson

Stephanie L. Haines, AUSA                                   Steven P. Passarello, Esquire
Amy Larson, Trial Attorney                                    Appear for Defendant
     Appear for Plaintiff

Hearing Began: 10:10 a.m.                                   Hearing Ended: 12:36 p.m.

CRD  Debbie Gorgone                                          Stenographer  Kimberly Spangler

Defendant sworn. Defendant previously was found guilty on Counts 1, 2, 3, 4 & 8 of the Superseding Indictment by a Jury; but the Court acquitted the Defendant on Count 4.   Sentencing guideline calculations and sentencing options given. Defendant was sentenced to 200  months of imprisonment; this sentence consists of 200 months at Count 1 and 3, 120 months at Count 2, and 200 months at Count 8, all to run concurrently.  Upon release from imprisonment, the Defendant shall be on supervised release for a term of Life. Said term of supervised release comes with standard and special conditions of supervision, as more fully stated in said Judgment. The Defendant shall pay a fine in the amount of $50,000 to the Clerk of Court, within 10 days of this Judgment. Defendant shall pay to the United States a mandatory Special Assessment of $400, which shall be paid to the United States District Court Clerk.  It is further Ordered that the Defendant shall pay restitution to Otoniel and Erick.  Restitution shall be in the amount of $10,000 to Otoniel and $10,000 to Erick.  Restitution payments shall be made to the Clerk of Court and the Clerk of Court will then forward the restitution payments to Otoniel and Erick at the addresses provided by the United States Attorney's Office. The Defendant shall forfeit to the United States all items that are set forth in the forfeiture allegations which were filed with the Superseding Indictment and Indictment in this case.  The Defendant has been detained without bond since his arrest and the  Court determines that the Defendant is not a candidate for voluntary surrender pursuant to 18 U.S.C., Section 3143(a)(2). Defendant's appeal rights given.