IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Case No. 14-23J |
| | ) |
| JOSEPH D. MAURIZIO, JR., | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO RESTRAIN ASSETS**

As discussed more fully below, the United States seeks a restraining order because the defendant failed to pay a fine imposed by the Court by the required 10-day deadline and because the defendant transferred – and continues to transfer – assets in a manner likely to frustrate the United States' ability to collect the Defendant's financial obligations. During the requested 60-day freeze of these assets, the United States intends to file garnishment actions against the assets to satisfy Defendant's unpaid, delinquent financial obligations. The United States requests that the assets be frozen for 60 days to prevent further dissipation of the assets before they are restrained in the garnishment proceedings.

**FACTUAL BACKGROUND**

On March 2, 2016, the Court sentenced the defendant on two counts of traveling in foreign commerce and engaging in illicit sexual conduct with minors in violation of 18 U.S.C. § 2423(c), one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4) and one count of transporting funds into or out of the United States with the intent to promote or carrying on a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(2)(A). Among other things, the Court ordered the Defendant to pay restitution in the amount of $20,000, a special assessment of $400 and a fine of $50,000 within 10 days of entry of the Court's

judgment.  Evidence and testimony presented at defendant's March 2, 2016 Sentencing Hearing, as well as the United States' investigation, revealed that the Defendant has substantial assets to pay these financial penalties.  The Court issued its formal Judgment on March 8, 2016, so the 10-day payment deadline elapsed on March 18, 2016.  As of the date of this motion, however, the Defendant has not made any payments whatsoever, which is in direct violation of the Court's Judgment.

Moreover, there is substantial evidence that a portion of the Defendant's assets have already been transferred to his niece Christine Shaulis and the Joseph D. Maurizio, Jr. Revocable Trust, which names Shaulis and her sons as the beneficiaries.[1]  For example, on November 4, 2015, post-conviction, the Defendant deeded forty-two (42) acres of land in Paint Township and his residence in Windber, Pennsylvania to Shaulis for $1.  Evidence also reveals that the Defendant continues to attempt to transfer assets.  Specifically, on March 8, 2016 - six days after his sentencing - the defendant called Shaulis from the Cambria County prison to discuss transferring assets from his financial accounts and leaving those accounts with a zero balance.  This conversation was captured on a recording and is in the possession of the United States.

## ARGUMENT

Under the Federal Debt Collection Procedures Act (the "FDCPA"), 18 U.S.C. § 3001 *et seq.*, the Court is authorized to use the All Writs Act, 28 U.S.C. § 1651, to support any of the remedies set forth in the FDCPA for enforcement of a judgment.  *See* 28 U.S.C. § 3202(a).  Indeed, the All Writs Act has been successfully used in a variety of circumstances to restrain a defendant from dissipating assets, even when the defendant has not yet been found to be in

---

[1] Defendant's assets were retitled "in the name of The Joseph D. Maurizio, Jr. Revocable Trust Agreement" and lists Christine Shaulis, or her two minor children, as beneficiaries.  This Revocable Trust was signed and dated on November 4, 2015.  This Revocable Trust, and the movement of defendant's assets into such Trust, was accomplished post-conviction, as defendant was convicted by a jury on September 22, 2015.

default. *See, e.g.*, *United States v. Catoggio*, 698 F.3d 64, 67 (2d Cir. 2012) (holding the All Writs Act allows a court to restrain a convicted defendant's property in anticipation of ordering restitution and noting that "courts in this Circuit and beyond have uniformly answered this question in the affirmative"); *United States v. Sullivan*, 09-CR-302, 2010 WL 5437243, at *5 (E.D.N.C. Nov. 17, 2010) (noting that "district courts within this circuit have issued post-conviction orders pursuant to the All Writs Act restraining a defendant's ability to dispose of assets in order to ensure the satisfaction of an order to pay restitution or fines"); *United States v. Numisgroup Int'l Corp.*, 169 F. Supp. 2d 133, 138 (E.D.N.Y. 2001) (upholding All Writs Act authority to authorize restraint of assets where "sentencing and a substantial Order of Restitution is imminent" and defendant has virtually no other assets; post-conviction, the defendants "no longer are bathed with the presumption of innocence."); *United States v. Gates*, 777 F. Supp. 1294, 1296 n.7 (E.D. Va. 1991) (noting that trial court, even presentencing, has authority to order a defendant not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation."); *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 598–600 (E.D. Va. 2004) (finding restraining order against defendant and others necessary to effectuate previously issued sentencing and restitution orders and to ensure future availability of property to satisfy the restitution order).

While various remedies are available to the United States under the FDCPA, none of these available remedies can be instantly implemented, and none ensures that, in the interim, defendant's assets will not be secreted, wasted, or placed beyond the reach of the United States. Moreover, while the government intends to promptly file garnishment actions against the defendant's accounts, the United States must wait 30 days from the date a demand for payment is

sent to file such a garnishment action, during which time the defendant may further dissipate his assets.

Accordingly, the United States requests an order restraining the sale, transfer, or dissipation of assets for a period of 60 days, as set forth in the accompanying Proposed Order, to insure their availability to satisfy the fine and restitution imposed by this Court against the defendant.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

/s/ Stephanie L. Haines
STEPHANIE L. HAINES
Assistant U.S. Attorney
200 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901
Phone: (814) 533-4547
Fax: (814) 533-4545
Email: stephanie.haines@usdoj.gov
WV 9249
